Michael J. Blumenfeld, SBN 065239
MICHAEL BLUMENFELD
A PROFESSIONAL CORPORATION
One Kaiser Plaza
The Ordway Building
Suite 1675
Oakland, CA 94612
Tel:  (510) 465-0555
Fax: (510) 465-8093

Attorneys for Ahmed Said,
sued herein as Defendant
TENDERLOIN GROCERY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORILLARD TOBACCO COMPANY, a
Delaware corporation,

        Plaintiff,

        v.

TENDERLOIN GROCERY, a business
entity; AHMED SAID, an individual; and
DOES 1 – 10 inclusive,

        Defendants.

_____/

Case No. C 05 – 3123 CW

**ANSWER TO FIRST AMENDED
COMPLAINT AND DEMAND FOR JURY
TRIAL**

Defendants  TENDERLOIN GROCERY, a business entity and AHMED SAID, an individual

doing business at Tenderloin Grocery, ("Defendants"), hereby answer the First Amended Complaint

For Damages and Injunctive Relief ("FAC") filed herein by Lorillard Tobacco Company ("Plaintiff")

as follows:

      1.     Defendants lack sufficient information and belief to answer the allegations contained in

paragraphs 1, 2, 4, 5, 9, 10, 11, and 18, of the FAC, and on that ground, Defendants deny each and

every allegation contained in each such paragraph of the FAC in their entirety.

      2.     Defendants deny the allegations of paragraphs 6, 7, 8, and paragraphs 12 through 48,

inclusive, of the FAC in their entirety.

ANSWER TO FIRST AMENDED COMPLAINT                            PAGE 1

3.   The Defendants reside and do business in the State of California and except as otherwise admitted or denied herein, the Defendants deny the allegation contained in paragraph 3 of the FAC in their entirety.

### FIRST AFFIRMATIVE DEFENSE

4.   As and for a first and separate affirmative defense, this answering party affirmatively alleges that Plaintiff's action should be barred and dismissed in its entirety by virtue of the fact that Plaintiff has failed to state and or prove facts sufficient to constitute a cause of action against Defendants or any of them upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

5.   As and for a second and separate affirmative defense, this answering party affirmatively alleges and preserves all of Defendants' equitable defenses, including waiver, estoppel, latches, and unclean hands and that pursuant to the facts, or lack thereof as proven at trial,  Plaintiff's action should be barred in its entirety on such equitable grounds.

### THIRD AFFIRMATIVE DEFENSE

6.   As and for a third and separate affirmative defense, this answering party affirmatively alleges and preserves all of Defendants' defenses to the imposition of a judgment including punitive damages on the grounds that such damages are illegal penalties prohibited and unconstitutional under the laws and constitutions of the State of California and the United States of America.  Further, Defendants assert that, to the extent that Plaintiff's Complaint seeks exemplary or punitive damages, it violates Defendant's rights to protection for "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, section 17, of the California Constitution and violates Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claimed.

### FOURTH AFFIRMATIVE DEFENSE

7.   As and for a fourth and separate affirmative defense, this answering party affirmatively alleges that assuming arguendo Plaintiff is able to prove damages at trial, Defendants assert that any

1   such damages were legally caused by the acts, negligence and omissions of Plaintiff and not by any

2   legally cognizable acts or omissions on the part of Defendants.   Plaintiff's claims should be barred

3   and Plaintiff should take nothing by virtue of this action as a legal result of the acts, negligence and

4   omissions of Plaintiff.

5                                   FIFTH AFFIRMATIVE DEFENSE

6              8.      As and for a fifth and separate affirmative defense, Plaintiff's claims against

7   Defendants are barred by virtue of Plaintiff's failure to mitigate and minimize the alleged damages

8   which Plaintiff claims it suffered in this case.

9                                   SIXTH AFFIRMATIVE DEFENSE

10             9.      As and for a sixth and separate affirmative defense, Plaintiff's claims against

11  Defendant are barred by the doctrine of comparative negligence.  Plaintiff's damages, if any,

12  should be apportioned among all parties, including Plaintiff, in proportion to such parties'

13  respective fault.

14                                 SEVENTH AFFIRMATIVE DEFENSE

15             10.     As and  for a seventh and separate affirmative defense, Plaintiff's claims against

16  Defendant are barred by the doctrine of assumption of risk.  Plaintiff's negligence, carelessness,

17  assumption of risk and other conduct were the superseding legal causes of any alleged damages

18  Plaintiff has suffered.

19                                  EIGHTH AFFIRMATIVE DEFENSE

20             11.     As and for a eighth and separate affirmative defense, all Plaintiff's claims for

21  injunctive relief should be barred as Plaintiff is unable that Defendants caused Plaintiff any injury

22  or damage, that Plaintiff has been irreparably damaged and or that Plaintiff is entitled to injunctive

23  relief pursuant to prevailing law or statute.

24                                  NINTH AFFIRMATIVE DEFENSE

25             12.     As and for a ninth and separate affirmative defense, Defendants request this Court to

26  enter a judgment in Defendants' favor awarding them affirmative relief, damages, attorneys fees,

27  costs, and or exemplary damages under each statutory scheme, (whether state or federal), pursuant

28
    ANSWER TO FIRST AMENDED COMPLAINT                                                      PAGE 3

1   to which Plaintiff brings the within action and or any part thereof.

2          WHEREFORE, Defendants pray for entry of judgment in their favor and against Plaintiff as

3   follows:

4          13.    That Judgment be entered in favor of Defendants and against Plaintiff;

5          14.    That Plaintiff take nothing by Plaintiff's action herein;

6          15.    That Defendants recover judgment against Plaintiff by virtue of their Counter

7   Claims filed herein;

8          16.    That Defendants be awarded all of their attorneys fees and costs incurred in this

9   action pursuant to relevant provisions of the law;

10         17.    That Defendants be awarded all of their attorneys fees and costs incurred in this

11  action pursuant to relevant provisions of the law and in accordance to proof;

12         18.    That Defendants be awarded such other and further relief as is just and proper.

13

14  Dated:  September 21, 2005                    MICHAEL BLUMENFELD
                                                  A Professional Corporation
15

16                                                /s/

17                                                _____
                                                  By: Michael J. Blumenfeld
18                                                Attorneys for Defendants

19

20

21

22

23

24

25

26

27

28
ANSWER TO FIRST AMENDED COMPLAINT                                          PAGE 4