Michael J. Blumenfeld, SBN 065239
MICHAEL BLUMENFELD
A PROFESSIONAL CORPORATION
One Kaiser Plaza
The Ordway Building
Suite 1675
Oakland, CA 94612
Tel:  (510) 465-0555
Fax: (510) 465-8093

Attorneys for Ahmed Said,
sued herein as Defendant
TENDERLOIN GROCERY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORILLARD TOBACCO COMPANY, a Delaware corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>TENDERLOIN GROCERY, a business entity; AHMED SAID, an individual; and DOES 1 – 10 inclusive,<br><br>        Defendants.<br>_____/<br>AHMED SAID, an individual doing business as TENDERLOIN GROCERY<br><br>        Counter Claimant<br><br>   v.<br><br>LORILLARD TOBACCO COMPANY, a Delaware corporation<br><br>        Counter Defendant<br>_____/ | Case No. C 05 – 3123 CW<br><br>**COUNTER CLAIM FOR DAMAGES**<br><br>**AND DEMAND FOR JURY TRIAL** |

      Defendant AHMED SAID, an individual doing business as Tenderloin Grocery, ("Counter Claimant"), hereby sues and counter claims against Plaintiff and Counter Defendant LORILLARD

COUNTER CLAIM                                                    PAGE 1

TOBACCO COMPANY, a Delaware corporation, ("Counter Defendant"), as follows:

## FIRST COUNT

### [BREACH OF CONTRACT]

1. At all times herein alleged, Counter Defendant has done and now does business in this judicial district. At all times herein relevant, Counter Defendant has been and does now engage in the business of manufacturing and selling cigarettes, including the brand Newport ™ cigarettes in this judicial district.

2. At all times herein relevant, Counter Claimant has and does now operate a certain retail store located at 62 Turk Street, San Francisco, California. This store is known as the Tenderloin Grocery.

3. Within the last two years, in this judicial district, Counter Defendant and Counter Claimant entered into certain oral and written agreements pursuant to which Counter Defendant agreed pay Counter Claimant certain sums of money in consideration for Counter Claimant's purchase and sale of Counter Defendant's cigarette products, including Newport ™ cigarettes. Pursuant to said agreements, Counter Defendant agreed to pay to Counter Claimant certain "rebates", "pay downs", pay backs, or other payments directly related to the volume of Counter Defendant cigarette products purchased by Counter Claimants for Counter Claimant's resale to the public in Counter Claimant's said grocery store.

4. At all times herein alleged, Counter Claimant has performed each and every term and condition on his part to perform with respect to each of said agreements with Counter Defendant, save and except any terms and or conditions which Counter Claimant was prevented or exempted from performing due to the breaches, actions or other wrongs of Cross Defendant, all according to proof at trial herein.

5. Implied in said agreements by and between the parties was and is the covenant of good and faith and fair dealing, which among other things, imposed certain duties on Counter Defendant to refrain from doing anything which would frustrate and or prevent Counter Claimant from obtaining the full benefit and all payments contemplated by said agreements.

6.  Notwithstanding Counter Claimant's good faith performance of said agreements, Counter Defendant breached said agreements by repudiating them and by failing and refusing to pay Counter Claimant all sums due and owing to Counter Claimant pursuant to said agreements.

7.  Counter Defendant Lorillard further breached its said agreements with Counter Claimant by failing and refusing to properly account to Counter Claimant pursuant to said agreements and or pay to Counter Claimant all sums due and owing to Counter Claimant pursuant to said agreements, all according to proof at trial herein.   As a direct, proximate and foreseeable result of said breaches of contract and other wrongs, Counter Claimant has been damaged, all according to proof at trial herein.

8.  When Counter Claimant complained that Counter Defendant was improperly accounting for payments owing under said agreements and failing and refusing to pay all sums owing under said agreements, Counter Defendant retaliated against Counter Claimant store owner; Counter Defendant repudiated all agreements with Counter Claimant; Counter Defendant failed and refused to pay all earned sums owing under said agreements to Counter Claimant; Counter Defendant caused an ex parte order to be issued which closed down and disrupted Counter Claimant's business; and Counter Defendant brought the within baseless legal action against Counter Claimant which purports to be based upon the alleged sales of counterfeit cigarettes, all to Counter Claimant's damage, all according to proof at trial herein.

WHEREFORE, Counter Claimant prays for judgment against Counter Defendant as set forth herein below.

## SECOND COUNT

[UNFAIR BUSINESS PRACTICES AND UNFAIR COMPETITION]
(Cal. Bus. & Prof. Code §§ 17200 et. seq)

9.  Counter Claimant incorporates herein by reference as if fully set forth, each and every one of the allegations contained in the foregoing paragraphs.

10.   Counter Defendant's conduct as alleged above constitutes unlawful, unfair, and or fraudulent business practices, all in violation of California Business & Professions Code Sections

1  17200 et. seq.

2  11.  As a direct, proximate and foreseeable result of Counter Defendant's unfair competition, and unfair business practices as alleged herein, Counter Claimant has been damaged, all according to proof at trial herein.

12.  Counter Claimant alleges that Counter Defendant's actions were intentional, wrongful, malicious and undertaken by Counter Defendant with conscious deliberation so as to cause Counter Claimant great damage.   As a direct, proximate and foreseeable result of Counter Defendant's intentional and malicious actions, Counter Claimant prays for an award of exemplary and punitive damages against Counter Defendant Lorillard in order to set an example and punish Counter Defendant for undertaking such wrongful conduct and such illegal, and unfair business practices.

13.  In addition to actual and punitive damages, Counter Claimant further requests this Court to award it statutory damages, attorneys fees and costs as provided under and  pursuant to Cal. Bus. & Prof. Code §§ 17200 et. seq.

WHEREFORE, Counter Claimant hereby requests judgment against Counter Defendant as follows:

14.  That judgment be entered in favor of Counter Claimant and against Counter Defendant;

15.  For actual damages all according to proof at trial herein;

16.  For general and special damages all according to proof at trial herein;

17.  For consequential damages all according to proof at trial herein;

18.  For lost profits all according to proof at trial herein;

19.  For punitive damages all according to proof at trial herein;

20.  For attorneys fee all according to proof at trial herein;

21.  For costs of suit herein incurred all according to proof at trial herein;

22.  For statutory damages, penalties and other sums all according to proof at trial herein;

23. For such other and further relief as the Court deems just and proper.

Dated: September 21, 2005
                                            MICHAEL BLUMENFELD
                                            A Professional Corporation

_____
By: Michael J. Blumenfeld
Attorneys for Defendants
and Counter Claimant